SCANNED at BCF and Emailed on 10/30/23 by PM - 17 pages
(date)  (initials)  (num)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FILED
10/30/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | |
|---|---|
| ROBERT MARTIN | ) |
| Petitioner, | ) Cause No. 3:23-cv-00185-MPB-CSW |
| v. | ) |
| DAN MITCHELL, WARDEN, | ) |
| Branchville Correctional Facility, | ) |
| Respondent. | ) |

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

Comes now, Petitioner, ROBERT MARTIN, *pro se*, and states:

## I. INTRODUCTION

This petition concerns conduct report BTC-23-06-000975, B-231 Intoxicating Substance, while Petitioner was incarcerated at BCF[1], (See Exhibit A).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quotation marks and citations omitted).

---
1 Branchville Correctional Facility

## II. <u>JURISDICTION</u>

1. Jurisdiction is invoked in this Honorable Court pursuant to the provisions of 28 U.S.C. § 2254.

    § 2254. State custody; remedies in Federal courts:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

## III. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

6. Petitioner has exhausted his Administrative remedies and states the following:

    (a) On AUGUST 7, 2023, Petitioner submitted a Disciplinary Hearing Appeal, (See Exhibit D-1; Exhibit D-2; and Exhibit D-3).

    (b) , Petitioner received a response denying his AUGUST 10, 2023, Disciplinary Hearing Appeal, (See Exhibit G).

    (c) On an unknown date, Petitioner submitted a Disciplinary Hearing Appeal to the Final Reviewing Authority, (See Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E; Exhibit F; and Exhibit G).

    (d) On SEPTEMBER 1, 2023, Petitioner received a response from the Final Reviewing Authority denying his unknown dated Disciplinary Hearing Appeal, (See Exhibit H).

## IV. VENUE

7. Venue is proper in the Southern District of Indiana, Evansville Division, pursuant to 28 U.S.C § 1391(b), which allows for an action to be brought in the district where the Respondent resides or in which the cause of action arose. This cause of action arose in Perry County, Indiana, which is in the Southern District of Indiana, Evansville Division. The Respondent is employed in Perry County.

8. This petition arises under 28 U.S.C. § 2254 to redress the deprivation of rights, privileges and immunities secured by the United States Constitution.

9. This court has jurisdiction over Petitioners state law claims pursuant to 28 U.S.C. § 1367.

## V. STATEMENT OF THE CASE

10. On June 29, 2023 Ofc. Niketa Payton wrote a conduct report against Petitioner for a B-231 Intoxicating Substance, (See Exhibit A).

    The conduct report read:

    "At approximately 7:59 am on June 29, 2023, I Ofc. Payton was performing a random shakedown on Incarcerated Individual Martin #202545. While I was searching through the I/I's property, I had come across an Italian seasoning container that had a green leafy substance and had loose stems mixed inside. I confiscated the item and had taken it down to OII to be tested, OII then informed me that it did in fact test positive for Synthetic Cannabinoids: Spice, K2, JWHanalytes, etc.; Synthetic Cathinones; BZP. The substance had a weight of 36g with the container and then after taken out of the container the substance weighted 7.8g by itself. The individual was

offered a confiscation form for the items taken, which he complied to sign. The I/I was also informed of being in violation of a 231-B (Intoxicating Substance) where it states, making, receiving, giving, transferring, trading, or in any other manner moving from one person to another, or possessing an intoxicating substance, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants, or chemical-soaked paper).

11. Petitioner was notified of the conduct report on July 06, 2023, (See Exhibits A and Exhibit B).

12. At the Screening hearing held on July 06, 2023, Petitioner plead not guilty, (See Exhibit B).

13. Petitioner did not asked for a lay advocate.

14. Petitioner requested at the time of screening that the evidence be lab tested, which the lab would be a witness for the Petitioner with an immediate response of NO! Without a written explanation documented on State Form 39586, as per Policy 02-04-101. Also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution. *Also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), (See Exhibit B and Exhibit C).

15. The Petitioner had offered to pay for the lab testing himself, still being denied. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (See Exhibit B and Exhibit C).

16. At the disciplinary hearing held on August 04, 2023, Petitioner plead not guilty, (See Exhibit C).

17. Petitioner made the following statement:

> "This is not K2 or any other type of drug. It is exactly what the label states; basil, thyme, oregano, etc. The basic Italian seasoning mix, which consists of "green leafy substances and loose stems which is the by-product of plants". The Petitioner had no chance to prove his claim, per denial by the DHO[2]. The Petitioner had bought this through a fundraiser sale at Wabash Valley Correctional Facility when he was there. The Petitioner came into this facility with this and the intake department did not have a problem with it then. The Petitioner has also been through multiple shakedowns with no issues or anyone saying anything about the seasoning," (See Exhibit C).

18. The DHO found the Petitioner guilty of a B-231 Intoxicating Substance, (See Exhibit C).

19. The sanctions were:

    (a) 4 Weeks of Commissary lost 08-06-23 / 08-31-23.

    (b) 60 days ECT[3] lost (none suspended).

    (c) Demoted from credit class A to credit class B (none suspended), (See Exhibit C).

20. On August 07, 2023, Petitioner submitted a Disciplinary Hearing Appeal, (See Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E; and Exhibit F).

21. On August 10, 2023, Petitioner received a response from Nathan Hoffman denying his August 07, 2023 Disciplinary Hearing Appeal, (See Exhibit G), stating:

    > "I have reviewed all reports and records pertaining to your 231-B Violation. The DHB has the responsibility of considering the evidence and testimony presented and then decides the guilt or innocence. The DHB also has the responsibility of determining the extent of the

---

[2] Disciplinary Hearing Officer
[3] Earned Credit Time

sanctions. I find no evidential basis for disapproval and the sanctions are within policy guidelines. Accordingly, your appeal is denied. You do have further appeal rights."

22. On an unknown date, Petitioner submitted a Disciplinary Hearing Appeal to the Final Reviewing Authority, (See Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E; Exhibit F; and Exhibit G).

23. On September 01, 2023, Petitioner received a response from Deborah Reasoner, Final Review Authority denying his unknown dated Disciplinary Hearing Appeal (See Exhibit H), stating:

"I am in receipt of your appeal of this disciplinary action. The procedure and due process of this case appear to be true and accurate. The charge is clear; the evidence sufficient. The sanctions are within the guidelines of the Disciplinary Code for Adult Offenders. There is no present information indicating modification or dismissal is necessary."

## VI. SUMMARY OF ARGUMENT

24. Petitioner has a State created liberty interest.

25. Petitioner was put into a situation where a purchase from a fund raiser sale through the P.L.U.S. program at Wabash Correction Facility, Department of Corrections of Indiana was approved and now being punished for that purchase, through a false/positive test without an opportunity to prove his claim or prove for sure what the substance is, (See Exhibit B; Exhibit C; and Exhibit D-1).

26. Petitioner argues that the bed location listed where he lives on the conduct and other reports does not even exist, per Policy 02-04-101 pg. 14 bottom, Note: States "It is <u>Very Important</u> that the conduct report be written in plain language and clearly states the "who, what, when, <u>where</u>, and how of the factual events". Also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-

5.5 and the 14th Amendment to the United States Constitution, (See Exhibit A; Exhibit B; and Exhibit G).

27. Petitioner argues that three out of the Eight Rights that were listed & read to him at screening and DHB hearing was denied, (See Exhibit B and Exhibit C).

   (a) The right to request a witness in his behalf, which would be a lab test that was denied without a written explanation documented on State Form 39586 as per Policy 02-04-101, also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, (See Exhibit B and Exhibit C).

   (b) The right to a fair hearing before impartial decision makers, which would be the lab, which was denied without a written explanation documented on State Form 39586, as per Policy 02-04-101, see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution. (See Exhibit B and Exhibit C).

   (c) The right to present documentary evidence in the behalf of the Petitioner, which would be the lab test that was denied without written explanation documented on State Form 39586 as per Policy 02-04-101, see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, (See Exhibit B and Exhibit C).

## VII. ARGUMENT

28. Indiana prisoners have a liberty interest in earned credit time and must be afforded due process, including the rights to present evidence in their defense and to an unbiased decision maker. *Hakim v Osborne* 2013 U.S. Dist. LEXIS 166270 (citing *Wolff v McDonnell*, 418U.S. 599, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1971); also see *Piggie v cotton* 342 F.3d 660, 666 (7th Cir. 2003).

29. An Indiana inmate has a protected liberty interest in earned credit time, so he may not be deprived of them without the minimum requirements of due process. *Felder v McBride*, 121 Fed. Appx. 655.

30. Indiana inmates have a liberty interest in earned credit time and are therefore entitled to due process before the State revokes those credits. *Portee v Vannatta*, 105 Fed. Appx. 855 (*citing Webb v Anderson*, 224 F.3d 649, 651-52 (7th Cir. 2000)).

31. Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scraggs v Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); see also *Rhoiney v Neal*, 723 F. Appx 347, 348 (7th Cir. 2018).

32. Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process.

33. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

34. THE DISCIPLINARY Code for Adult offenders, 02-04-101, in its entirety, covers the due process rights guaranteed Petitioner granted to him by Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, also see *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), also see THE DISCIPLINARY Code for Adult offenders, 02-04-101, Pg. 14 bottom Note: It is <u>VERY IMPORTANT</u> that the conduct report be written in plain language and clearly states the "who, what, when, <u>where</u>, and how of the factual event".

35. THE DISCIPLINARY Code for Adult offenders, 02-04-101, Pg.16 #8. a. "If the report has errors, is not legible or does not support the charge offense, the supervisor shall return the report to the reporting employee with instructions to correct the report. The reporting employee shall have 24 hours in which to correct the Report of Conduct and return it to the immediate supervisor for further review". See Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution.

36. THE DISCIPLINARY Code for Adult offenders, 02-04-101, Pg.33 of 58 e.; "Any evidence requested by an incarcerated individual, either at the time of screening or during the disciplinary hearing, shall be addressed. Requests for evidence shall not be denied without a written explanation documented on State Form 39586, "Report of Disciplinary Hearing", also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution. *Also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

37. The "some evidence" evidentiary standard in this type of case is much more lenient than beyond a reasonable doubt or even by a preponderance. *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

38. The definition of a B-231 Intoxicating Substance, per IDOC[4] is as follows:

---

4 Indiana Department of Corrections

Making, receiving, giving, transferring, trading, or in any other manner moving from one person to another, or possessing an intoxicating substance, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants, or chemical-soaked paper).

39. At no time does Ofc. Payton state that she saw Petitioner making "Any type of synthetic drug" (See Exhibit A).

40. At no time does Ofc. Payton state that she saw Petitioner receiving "Any type of synthetic drug", (See Exhibit A).

41. At no time does Ofc. Payton state that she saw Petitioner giving "Any type of synthetic drug to anyone", (See Exhibit A).

42. At no time does Ofc. Payton state that she saw Petitioner transferring "Any type of synthetic drug", (See Exhibit A).

43. At no time does Ofc. Payton state that she saw Petitioner trading "Any type of synthetic drug", (See Exhibit A).

44. At no time does Ofc. Payton state that she saw Petitioner in any other manner moving from one person to another "Any sort of synthetic drug", (See Exhibit A).

45. At no time does Ofc. Payton state that she saw Petitioner being under the influence of any intoxicating substance of any type, namely "K-2 or any type of synthetic drug", (See Exhibit A).

46. Petitioner argues that the conduct report does not suffices in its entirety because, if one reads the second paragraph under the section titled "Description of Incident (If more space is needed, attach additional sheets in triplicate), (See Exhibit A), it states:

> "If the conduct report is for a violation of B202, B231, or C305, describe the characteristics of the substance that led you to believe the substance was a controlled substance or tobacco, or describe the characteristics / behaviors that led you to believe the offender was under the influence of intoxicants."

47. At no time does Ofc. Payton state any characteristics that led her to believe that Petitioner was under the influence of intoxicants, (See Exhibit A).

48. The Screening Officer and/or the DHB[5] Officer, violated Petitioners Due Process rights under the 14th and/or 5th Amendment(s) by stating that Petitioner's request for "the evidence to be lab tested was denied with no denied reason or removed reason," or a written explanation documented on State Form 39586, as per Policy 02-04-101, see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, *also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), (See Exhibit B & Exhibit C).

49. Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566, *also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

50. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *Also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

51. Evidence is exculpatory if it undermines or contradicts the finding of guilt, see *Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result,

---

[5] Disciplinary Hearing Board

*Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). "The purpose of this rule is to ensure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (cleaned up).

52. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992).

53. "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." see *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011).

In the prison disciplinary context, "the purpose of [this] rule is to ensure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." Id. (cleaned up.)

54. Petitioner argues that the Screening and DHB officers did not disclose all material exculpatory evidence, see Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 2011), (See Exhibit B and Exhibit C).

55. Petitioner argues that the Screening and DHB officers both denied him the request for his evidence, without a written explanation documented on State Form 39586 as per Policy 02-04-101, to be lab tested as the results would exonerate him. "The lab test would be the witness for the Petitioner", which was denied, see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, *also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), (See Exhibit B; Exhibit C; & and Exhibit D-1).

56. The Screening and DHB officers both denied Petitioner's request at his Screening and DHB hearing that his "right to an impartial decision maker." Which would be the lab, *see*

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, (See Exhibit B; Exhibit C; and Exhibit D-1).

57. The Screening and DHB officers never addressed at Screening or at the DHB hearing why they denied Petitioner's request to present documentary evidence upon the Petitioner request, which would be the lab test results. There was no written explanation documented on State Form 39586, as per policy 02-04-101, also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, (See Exhibit B; Exhibit C; and Exhibit D-1).

58. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (cleaned up) also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution. *Also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

59. The DHB officer had not shown the Petitioner proof that "a lab test being performed," would have threatened institutional concerns nor showed concerns to the matter.

60. Petitioner argues that his due process rights were violated when the Screening & DHB officers denied the Petitioner the request for a lab test. Without a written explanation documented on a State Form 39589 as per Policy 02-04-101, also see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, *also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d

356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000), (See Exhibit B; Exhibit C; and Exhibit D-1).

61. By the DHB officer notifying Petitioner that the requested lab test was "Denied" at screening and the day of his DHB hearing, Petitioner was not allowed the opportunity to present his best defense, see Indiana Code § 35-50-6-5(b), Indiana Code § 35-50-6-5.5 and the 14th Amendment to the United States Constitution, *also see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000),

62. Petitioner argues that if there would have been a lab test, it would have shown that the substance is what the label of the container and the Petitioner says it is.

63. Petitioner argues that the field test performed produced a false result with no definite detection, only a possible detection of possible multiple substances. Absolutely no definite detection of any one substance. (See Exhibit F).

64. Petitioner argues that the responses from Nathan Hoffman denying his August 10, 2023 Disciplinary Hearing Appeal and Deborah Reasoner September 01, 2023 Final Reviewing Authority, does not show that the record does not reflect a proper review of all reports and records. If reviewed properly the fact that the three rights of the Petitioner was violated along without the Petitioner not being allowed to inter his evidence as clearly requested was in violation, See *Piggie v. Cotton*, 344 F .3d 674, 678 (7th Cir 2003), (See Exhibit B; Exhibit D-1; Exhibit G; and Exhibit H).

> "I have reviewed all reports and records pertaining to your 231-B Violation. The DHB has the responsibility of considering the evidence and testimony presented and then decides the guilt or innocence. The DHB also has the

Page 14 of 16

responsibility of determining the extent of the sanctions. I find no evidential basis for disapproval and the sanctions are within policy guidelines. Accordingly, your appeal is denied. You do have further appeal rights."

65. Petitioner argues that the responses from Nathan Hoffman denying his August 10, 2023 Disciplinary Hearing Appeal and Deborah Reasoner, Final Reviewing Authority denying his September 01, 2023 final appeal is due to a systemic problem of rubber-stamping and tailored boiler-plate language, (See Exhibit G and Exhibit H).

66. Petitioner argues that the phrase, "The DHB has the responsibility of considering the evidence and testimony presented and then decides the guilt or innocence, but yet the Petitioner could not enter his evidence that he requested, *see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The DHB also has the responsibility of determining the extent of the sanctions. I find no evidential basis for disapproval and the sanctions are within policy guidelines. Accordingly, your appeal is denied," seems to be boiler-plate language, (See Exhibit G).

67. Petitioner argues that he has been charged and convicted by the Department of Corrections for a product that was approved a provided through the Department of Corrections.

68. Petitioner is willing to pay for the evidence to be lab tested to prove what the substance is. The Petitioner had also made this same offer at Screening & DHB Hearing, being denied at both. (See Exhibit B; Exhibit C; and Exhibit D-1).

## VIII. CONCLUSION

ACCORDINGLY, Petitioner, moves that this Honorable Court, schedule this case for hearing; GRANT this petition for a writ of habeas corpus; and GRANT all other proper relief.

Page 15 of 16

Respectfully submitted,

*[signature: Robert Martin]*

Robert Martin

## IX. **VERIFICATION**

Pursuant to Title 28 U.S.C. § 1746, I, Petitioner, Larry Hatfield, *pro se*, hereby verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature: Robert Martin]*

Robert Martin

A copy of the foregoing has been served on adverse parties (or their counsel) pursuant to the Court's prisoner e-filing program.